## Ruppin, to use of Peoples Trust Company, v. Nolt et al.

*Attachment ad. lev. deb.—Bankruptcy—Fire insurance—Equitable assignment—Consideration.*

1. An attachment *ad. lev. deb.* is made void by the adjudication of the defendant as a bankrupt within four months.

2. Under a mortgage providing that the mortgagor should insure the property and assign the policy to the mortgagee, he took out the insurance but failed to assign it in writing, and the day after a fire, handed the policy to the mortgagee, who subsequently assigned it to a bank. The bank took an attachment against the mortgagor as defendant and the insurance company as garnishee, claiming that the insurance money had passed by equitable assignment from the mortgagor for a present consideration, and that the lien for the money was not affected by the adjudication of the mortgagor as a bankrupt within four months: *Held,* that no lien was acquired for a present consideration, that if the title to the insurance money had passed to the plaintiff it should collect it by *assumpsit* and not by attachment as the property of the defendant, and if the money did not belong to the plaintiff, the attachment was void under the Bankruptcy Act, as issued against property of a bankrupt within four months, and the attachment should, therefore, be dissolved.

Rule to dissolve attachment. C. P. Lancaster Co., Nov. T., 1923, No. 11.

*Harnish & Harnish* and *John E. Malone,* for rule.

*Robert Ruppin* and *John A. Coyle,* contra.

HASSLER, J., Jan. 19, 1924.—This attachment *ad. lev. deb.* was issued on Oct. 9, 1923, to satisfy a judgment entered against S. S. Nolt, the defendant, to August Term, 1923, No. 352. It commands the sheriff to "attach the goods and chattels, lands and tenements, moneys, rights and credits *of said defendant*" in possession of the garnishees. S. S. Nolt was adjudged a bankrupt in the District Court of the United States on Oct. 31, 1923, and Owen P. Bricker, Esq., was duly appointed his trustee in bankruptcy. He presented a petition to this court on Dec. 1, 1923, asking us to dissolve the attachment proceeding,

so that the money in possession of the garnishee belonging to S. S. Nolt be relieved from it, for the reason that the defendant was adjudged a bankrupt within four months of the time when the attachment was issued. Upon the petition we granted this rule to show cause why it should not be dissolved.

The Bankruptcy Act provides that "All levies, judgments, attachments and other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of the petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt. . . . Provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment or other lien of a *bona fide* purchaser for value, who shall have acquired the same without any notice or reasonable cause of inquiry."

It is contended by the plaintiff in this attachment that this provision of the bankruptcy law has no application to the present case, for the reason that its lien, or right, was obtained under the following circumstances: On Sept. 14, 1923, Ludwig Ruppin and wife conveyed to S. S. Nolt a house and lot in the Borough of Akron, this county, upon which the said S. S. Nolt gave to the said Ludwig Ruppin a bond and mortgage for $1800 in part payment of the purchase price. It was agreed between them that the said S. S. Nolt should have the house insured and transfer and assign the policy to Ludwig Ruppin as collateral security for the payment of said mortgage. It was provided in both the bond and the mortgage that S. S. Nolt would do this. On Sept. 22, 1923, Nolt insured the building in the two garnishee companies for $2400, and instructed the agent to have the policies assigned to Mr. Ruppin. The policies were sent to Mr. Nolt a few days later. On Oct. 8, 1923, the building was destroyed by fire, and on Oct. 9th the policies were given to Ludwig Ruppin, as it was agreed they should be, but no written assignment of them was made. Mr. Ruppin subsequently assigned the bond and mortgage to the Peoples Trust Company, the use-plaintiff in the attachment proceedings. It is contended that this was an equitable assignment and vested title to so much of the insurance money as was necessary to pay the bond and mortgage in the plaintiff, and that as the lien to that money was acquired for a present consideration, it is not affected by the Bankruptcy Act.

We cannot agree wiht this contention, so far as any lien on it which was acquired by the attachment is concerned. No lien was acquired by it for a present consideration. If the plaintiff has any right or title to any of the money in the garnishees' possession, such right depends upon the equitable assignment of Oct. 9, 1923. If it transferred title to the insurance money to the plaintiff, the plaintiff could collect the same by an action in *assumpsit* against the garnishees, but it cannot obtain a lien on any money of the defendant in the possession of the garnishees by an attachment which directs the sheriff to attach the money, etc., of the defendant in the possession of the garnishees. If the insurance money belongs to the plaintiff under the equitable assignment, the attachment is unnecessary and amounts to nothing. If it does not belong to it, the attachment is void under the Bankruptcy Act, as it attaches money of the bankrupt in possession of the garnishees, and, having been issued within four months prior to the date when the insured was adjudged a bankrupt, it must be dissolved. That such attachments must be dissolved, see Keeler *v.* Electric Co., 23 Pa. C. C. Reps. 637; Peck Manuf. Co. *v.* Mitchell, 8 Dist. R. 203; Cassedy *v.* Labaree, 13 Luzerne Legal Reg. Reps. 47. We, therefore, make absolute the rule to dissolve the attachment without prejudice to either of the parties. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.